ALMON, Justice.
Marlene Patterson filed a pro se complaint against David Knight, alleging that Knight had established with her an attor *470 ney-client relationship and that Knight had disclosed personal and confidential information she had disclosed to him through that relationship. The complaint sought damages for the disclosure of this information on the grounds that Knight had breached his fiduciary duty, violated Patterson’s privacy, and breached his contract with her.
Knight filed a motion to dismiss. He took Patterson’s deposition. The trial court treated the motion as one for summary judgment, see Rules 12 and 56, A.R. Civ.P., and granted summary judgment for Knight. In its order granting summary judgment, the trial court stated that Patterson had had ample opportunity to obtain discovery, but that she had not attempted to do so. After reviewing the deposition of Patterson and the remainder of the file, the court determined that “the evidence taken most strongly in favor of the Plaintiff demonstrates affirmatively [that] the allegations made in Plaintiff’s rather vaguely stated Complaint are not true.” The court held that the evidence clearly showed that Knight did not accept her case as her attorney and that he did not disclose any confidential information she had given him. On the contrary, the court found it undisputed from the evidence that Patterson herself had divulged “to several others the very confidential information about which she complains,” but could not name a single piece of information disclosed by Knight. The court held that Knight “clearly did not” disclose any confidential information given to him in an attorney-client relationship.
Our review of the record and the briefs convinces us, likewise, that Patterson’s allegations are groundless. Nothing raised in this appeal presents any ground for reversal. The judgment is therefore due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., concur.